# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**ASYA SYKES**, an individual,

      Plaintiff,

v.

**FITNESS INTERNATIONAL, LLC**, a California limited liability company,

      Defendant.

**CIVIL ACTION**

**Case No. 2:24-cv-625**

**Judge:**

**Mag. Judge:**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ASYA SYKES** ("**SYKES**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act (FCRA) for (1) sexual harassment in violation of Title VII, (2) sexual harassment in violation of the FCRA, (3) retaliation in violation of Title VII and, (4) retaliation in violation of the FCRA.

## PARTIES

2. The Plaintiff, **ASYA SYKES** ("**SYKES**") is an individual and a resident of Florida who at all material times was domiciled in Lee County, Florida, and who performed services for the Defendant in Lee County, Florida.

1

3. Defendant, **FITNESS INTERNATIONAL, LLC** ("Defendant") is a California limited liability company that employs greater than 15 employees, and employed **SYKES** in Lee County, Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over **SYKES**'s state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because **SYKES** resides in, and the Defendant conducts business in, and some or all of the events giving rise to **SYKES**'s claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Lee County, which is within the Fort Myers Division.

7. **SYKES** received her Notices of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on April 24, 2024 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.)

## GENERAL ALLEGATIONS

8. On or about March 2, 2023, **SYKES** began working for the Defendant as a personal trainer.

9. **SYKES** always performed her assigned duties in a professional manner and was very well qualified for her position.

10. After beginning her employment, **SYKES** began to be subjected to sexual harassment.

11. This included, but was not limited to: **SYKES**' supervisor grabbing her mid-thigh and moving his hand upward until **SYKES** moved away, taking photographs of **SYKES**' body, quizzing **SYKES** on her sex life, trying to engage in a sexual relationship with **SYKES**, routinely engaging in unwelcome sexually explicit discussions (including comments about female clients as young as 18-years old), and stating that the only reason he hired **SYKES** and that she was successful is because she is "hot" (or words to that effect).

12. **SYKES** repeatedly objected to the foregoing but to no avail.

13. After she did so, **SYKES**' supervisor promptly began altering her schedule and assignments to provide less favorable earning opportunities.

14. **SYKES** then requested the phone number of HR in the morning on February 6, 2024, and was terminated later that same day.

15. The Defendant has violated Title VII and the FCRA.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEXUAL HARASSMENT

16. Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

17. **SYKES** is a female and as such, is a member of a protected class.

18. At all material times, **SYKES** was an employee and Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

19. **SYKES** was, and is, qualified for the positions that she held with the Defendant.

20. **SYKES** has endured sexual harassment, gender-based comments, harassment, jokes, unwanted sexual touching and disparate treatment while employed, thereby altering the terms and conditions of her employment and creating a hostile work environment.

21. The acts, failures to act, practices and policies set forth above constitute intentional discrimination on the basis of **SYKES**' gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

22. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **SYKES** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

23. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **SYKES** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

24. As a direct and proximate result of Defendant's actions, **SYKES** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

25. **SYKES** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Punitive damages;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## <u>COUNT II – VIOLATION OF THE FLORIDACIVIL RIGHTS ACT OF 1992, SEXUAL HARASSMENT</u>

26.     Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

27.     **SYKES** is a female and as such, is a member of a protected class.

28.     At all material times, **SYKES** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

29.     **SYKES** was, and is, qualified for the positions that she held with the Defendant.

30.     **SYKES** has endured sexual harassment, gender-based comments, harassment, jokes, unwanted sexual touching and disparate treatment while employed with Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment.

31.     The acts, failures to act, practices and policies of Defendant set forth above constitute intentional discrimination on the basis of **SYKES**' gender in violation of the FCRA.

32.      As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **SYKES** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

33. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **SYKES** is entitled to all relief necessary to make her whole as provided for under the FCRA.

34. As a direct and proximate result of Defendant's actions, **SYKES** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

35. **SYKES** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Punitive damages;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

36.     Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

37.     **SYKES** is a female a person and, as such, is a member of a protected class.

38.     At all material times, **SYKES** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

39.     **SYKES** was qualified for the positions that she held with the Defendant.

40.     **SYKES** endured continuous sexual harassment, gender-based comments, harassment, inappropriate discipline, unwanted sexual touching, disparate treatment and inappropriate threats on her employment while employed with Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **SYKES** complained, caused the separation of her employment with Defendant.

41.     **SYKES** complained to Defendant about the sexual harassment, hostile environment, unwanted sexual touching, violation of policies and retaliation, and Defendant clearly observed her growing discomfort concerning the same.

42.     **SYKES'** complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendant.

43.     Said protected activity was the proximate cause of Defendant's negative employment actions against **SYKES**.

44.     Instead of preventing said treatment, Defendant retaliated against **SYKES**.

45.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

46.      As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **SYKES** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

47.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **SYKES** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

9

48. As a direct and proximate result of Defendant's actions, **SYKES** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

49. **SYKES** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv. Punitive damages;

    v. Reasonable attorney's fees plus costs;

    vi. Compensatory damages, and;

    vii. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

50.     Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

51.     **SYKES** is a female a person and, as such, is a member of a protected class.

52.     At all material times, **SYKES** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

53.     **SYKES** was qualified for the positions that she held with the Defendant.

54.     **SYKES** endured continuous sexual harassment, gender-based comments, harassment, inappropriate discipline, unwanted sexual touching, disparate treatment and inappropriate threats on her employment while employed with Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **SYKES** complained, caused the separation of her employment with the Defendant.

55.     **SYKES** complained to Defendant about the sexual harassment, gender harassment, hostile environment, unwanted sexual touching, violation of policies and retaliation, and Defendant clearly observed her growing discomfort concerning the same.

56. **SYKES'** complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendant.

57. Said protected activity was the proximate cause of Defendant's negative employment actions against **SYKES**.

58. Instead of preventing said treatment, Defendant retaliated against **SYKES**.

59. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

60. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **SYKES** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

61. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **SYKES** is entitled to all relief necessary to make her whole as provided for under the FCRA.

62. As a direct and proximate result of Defendant's actions, **SYKES** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

63.    **SYKES** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.    Punitive damages;

v.    Reasonable attorney's fees plus costs;

vi.    Compensatory damages, and;

vii.    Such other relief as this Court shall deem appropriate.

### **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: July 6, 2024

**s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT &DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com